JOSHUA THOMAS ROUNDS, complainant-respondent,

*v.*

GRACE TEMPLE ROUNDS, defendant-appellant.

[Submitted February 11th, 1944.   Decided April 13th, 1944.]

*Mr. Harry Silverstein,* for the defendant-appellant.

*Mr. Gardner K. Benson* and *Mr. Harry Kay,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the Court of Chancery, advised by Vice-Chancellor Bigelow, on a bill to have it decreed that the property purchased by the complainant-respondent and his wife, now deceased, was either mistakenly or fraudulently conveyed solely to the wife and not to the husband and the wife as tenants by the entireties.

The decree directs that the deed for the property be reformed by substituting in the place and stead of the decedent's name, the names of complainant and his wife, as tenants by entirety, so that the grantors thereof shall be held and regarded as having conveyed the lands and premises to the husband and wife, as tenants by entirety; that the complainant-respondent, having survived his wife, is seized of and entitled to an estate in fee-simple in and to said lands and premises.

It appears that the complainant did not know that his wife, who was an intelligent and educated woman and who looked after all the business affairs, had the deed drawn to herself

alone until after her death. He was uneducated, not being able to read and write, his signature being wholly by mark, as appears on the various exhibits in the case.

There were no children by the marriage and the complainant had no children. The wife had a daughter who came to live in the home and who is the defendant-appellant in this proceeding. Her husband and one of the grantors in the deed, as well as the estate of the other grantor, were likewise named defendants in the bill. The testimony all would seem to indicate that complainant's wife had the deed drawn to herself with a view to having her daughter benefit after her death. It is testified that she said several times that the husband was to have the benefit of it as long as he lived, then she wanted it to go to her daughter. Apparently she never did say that "the property is mine and will go to my daughter as a matter of law."

The doctor who treated her said that when he had told her that Mrs. Rhodes, one of the grantors of the property, had been asking about her, Mrs. Rounds, she said "that makes me think of something I have to do. All these years I have never had my husband's name on the deed and I must do it. I shouldn't put that off any longer."

Consideration of all the testimony leaves no doubt that the decree should be affirmed. In his memorandum the Vice-Chancellor said that there was no fraud but that it was a mistake. From the testimony the wife may have mistakenly thought that in the event of her death the husband would enjoy the property for his life, but such was not the law at that time. There were no children of the marriage, as already pointed out; and our act creating the right of curtesy in the absence of children, now *R. S. 3:37–1,* dates from 1927, whereas the conveyance in this case was in 1923. That the insertion of the wife's name only was not a mistake but that it was designedly done at the instance of the wife with a view that her daughter would ultimately acquire the property seems clear. She may have mistakenly thought her husband would be permitted to enjoy it for his life. But even so, when they made the agreement that both were to have it, and when it appears that, with the knowledge of the wife, contracts were

entered into and it was said that both husband and wife were the owners of the property, when policies of fire insurance were so written, certainly the husband was lulled into a feeling of security as an owner of the property although the wife knew to the contrary, and this amounts to fraud on her part. So, giving the wife the benefit of every doubt, the record is clear that the only mistake was probably as to the effect of what was done and not as to the act itself. The act of omitting her husband's name was a fraud by the wife.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, DILL, JJ. 13.

*For reversal*—None.